Samuel Larrabee *versus* Whitcomb Fairbanks.

If a note, payable to a thrid person or *bearer,* has been transferred to the defendant, and he has transferred it to the plaintiff without indorsing it himself, and the plaintiff, *afterwards,* procures the indorsement of the defendant by stating to him, " that it was a mere matter of form, and that by putting his name on it he would not be rendered liable therefor;" testimony of these facts is admissible to show, that the indorsement was made without consideration.

And if the indorsement of the defendant was procured upon such note by false pretences on the part of the plaintiff, parol proof thereof is admissible, and furnishes a complete defence.

Assumpsit upon a note of which the following is a copy. "For value received I promise to Thomas O. Parkman, or

bearer, sixty dollars, to be paid in one year from date with interest.                                           " David Davis.

" Garland, May 6, 1841."

On the back of the note was indorsed, " Thomas O. Parkman" and " Whitcomb Fairbanks with course." A statement of facts was made by the parties by giving the testimony of several witnesses, they agreeing, that the action should " stand for trial, if in the opinion of the Court the testimony was inadmissible, or being admissible, was in law not a sufficient defence ; otherwise a nonsuit to be entered." One statement in the report was thus. " The witness," Davis, " further testified, that his signature to the note was a forgery, but so far as it concerns this action, it was admitted to be genuine."

*Cutting* argued for the plaintiff, citing 6 Peters, 51.

*McCrillis* argued for the defendant.

The opinion of the Court was by

WHITMAN C. J. — The defendant is sued as indorser of a note ; and it is admitted, that he indorsed it ; and that there has been due notice to him of its dishonor. The defence is, that he was inveigled into the indorsement of it without consideration, and by false pretences. The note was payable to Thomas O. Parkman, or bearer, and by him indorsed. The indorsement of it by the defendant was not, therefore, necessary to its transfer to the plaintiff; and the plaintiff had purchased it of the defendant without his indorsement. But afterwards finding there was likely to be some difficulty in recovering it, he applied to the defendant for his indorsement. To this the defendant at first objected. The plaintiff then states to him, that he was about getting the note discounted, and that it was necessary it should be indorsed by him ; that it was a matter of form ; that it was the custom at the bank to have the indorsement upon it, of every person through whose hands it had passed ; and that by putting his name on it he would not be rendered liable therefor. Upon which the defendant indorsed it. There was other evidence tending to

show bad faith on the part of the plaintiff towards the defendant in obtaining his indorsement.

To this defence the plaintiff objected, alleging, that it was not competent to the defendant to avail himself of it, as it tended to vary the legal liability of the defendant created by his indorsement. The cause was submitted in the Court below upon an agreed statement of facts; and a nonsuit was there entered, from which an apeal was taken to this Court.

It is very clear, that this defence does not come within the ·principle, that a contract in writing shall not be varied by parol testimony. It may be, that, if the defendant had, at the time of negotiating or selling the note to the plaintiff, upon a verbal agreement, that in case of the failure of the maker to make payment, he should not be responsible as indorser, it would be incompetent for him to make such proof in his defence. But here the plaintiff had accepted of the note, which was transferrable by delivery, without the defendant's indorsement. The contract between them was then finished and ended. The indorsement subsequently obtained, was, therefore, without consideration; and this may always be shown, between the immediate parties to a simple contract. The defence therefore was good upon this ground.

And surely any party to a contract, even although it may be a specialty, may give in evidence, to avoid liability under it, deceit and circumvention in obtaining it. In this case it is abundantly manifest that the defendant was led to place his name upon this note as indorser, when he was not bound to have done so, by false pretences on the part of the plaintiff. Upon this ground also the defence was complete.

*Plaintiff nonsuit.*